The complaint alleges that defendant "* * * has and is and will continue * * *" to "* * * unlawfully misappropriate customer lists, notes, documents and other written materials of * * *" plaintiff. Defendant has denied these allegations in a verified answer. Defendant has also alleged affirmatively, without denial by plaintiff, that "No secret or confidential information, business secrets, trade secrets, confidential business methods or customer lists were disclosed to Defendant." Defendant similarly alleges in his answer that he "* * * primarily served the plaintiff in an administrative capacity as a manager." Plaintiff's motion for judgment on the pleadings admits the truth of these, and all other, facts well-pleaded by defendant. *Cunningham v. MacNeal Memorial Hosp.*, 47 Ill.2d 443, 448, 266 N.E.2d 897.

It follows that the restrictive judgment was improvidently entered and should be reversed. We need not consider whether the agreement is based upon a sufficient consideration.

Judgment reversed.

BURKE, P. J., and EGAN, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* SIMON REDMOND, JR., a/k/a SIMON REDMON, Petitioner-Appellant.

(No. 56673;

First District (2nd Division)—February 13, 1973.

PER CURIAM.

Kenneth L. Gillis, of Gillis & Rimland, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.